Norris *v.* Langley.

## NORRIS & *a. v.* LANGLEY.

A note given for the purchase of spirituous liquors, the sale of which is by law prohibited under a penalty, is good in the hands of an indorsee, for value, without notice of the consideration, and before due.

ASSUMPSIT, brought to recover the amount of a note, a copy of which is as follows:

" Manchester, February 8th, 1847.
" Ninety days after date, I promise to pay to Z. G. Whit-

man, or order, the sum of one hundred and four dollars and eleven cents, for value received.

JOHN LANGLEY."

(Endorsed,) " ZACHARIAH G. WHITMAN."

The signature and indorsement of the note were admitted. The note was indorsed, sold and delivered to the plaintiffs by the payee, before it became due, for a full and valuable consideration. It was, on the day it became due, duly presented to the defendant, and payment demanded thereon, by Nathan Parker, notary public, by legal authority, admitted and sworn, and dwelling in the city of Manchester, in said county, and payment was refused. The indorsee was duly notified, and said notary duly and solemnly protested against the drawer of said note, to wit, the defendant, and all others concerned therein, by reason or in consequence of the non-payment of said note. Said note was never paid, by the indorsee or any other person. The consideration of said note was a part of the amount of an account. The payee of said note received for the amount of said account $125 cash, a note for $25, on fourteen days, and the note sued in this action, for $104 11. A large part of the account was for spirituous liquors. The defendant and the payee of said note resided in said Manchester, at the time of the sale of the articles mentioned in said account, by said payee to said defendant. And said payee was not licensed to sell spirituous liquors. The plaintiffs resided in the city of Boston, in Massachusetts, at the time said note was indorsed, sold and delivered to them. They did not know that spirituous liquors made any part of the consideration of said note.

It was agreed by the parties that if, upon the foregoing statement of the facts, the court shall be of opinion 'that the plaintiffs ought not to recover, ·for the reason that the consideration of the note was such as it appears to have been by the facts stated, judgment shall be rendered for the

defendant for his costs; otherwise, judgment thereon is to be rendered for the plaintiffs, for the amount of said note and costs.

It was ordered that the questions arising on the foregoing case, made by the parties in the court below, be reserved and assigned for the decision of the justices of this court.

*H. Foster*, for the plaintiff.

*G. W. Morrison*, for the defendant.

WOODS, J. The payee of the note in controversy could not have maintained an action upon it against the maker, because the consideration for which it was given was a sale of commodities, the sale of which was prohibited by law. Rev. Stat., chap. 117, sec. 6. Where the law prohibits parties from making a particular contract, it will as of course, and without declaring such contracts void, deny to the parties to it when made, the aid of courts in enforcing it. And the condition of the party is no better who has taken a promissory note, or an acceptance, to secure to himself the performance of the illegal stipulation, for the illegality of the consideration may be shown in evidence, and the action thereby defeated.

But when such a note or acceptance becomes the property of a third party by indorsement and delivery for a good consideration, according to the custom of merchants, it is not liable to such a defence on the part of the maker. Provided the consideration of the note is not such that the law expressly pronounces the instrument void, in which case no transfer can make it available, except as between the indorser and indorsees, the person who takes mercantile paper innocently, being no party to the original consideration, is not presumed to know and is not bound to inquire concerning it.

The law of this State prohibits, in general, the sale of

such commodities as were the subject of the sale which formed the consideration of the note in controversy, under a penalty; but does not pronounce the note, given for such consideration, void. It appearing by the case to be the property of one into whose hands it came innocently, and for value, before due, he may maintain his action upon it. According to the agreement of the parties, therefore, by which the case has been submitted, there must be

*Judgment for the plaintiff.*